```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

IN RE:  BENJAMIN H. YORMAK

_____

STEVEN R YORMAK,

     Appellant,

v.                            Case No:  2:18-cv-793-FtM-29

BENJAMIN H. YORMAK,

     Appellee.

_____

## OPINION AND ORDER

This matter comes before the Court on appellant Steven R. Yormak's September 19, 2018 interlocutory Notice of Appeal/Mandamus (Doc. #1) from the Bankruptcy Court's Order Denying Creditor Steven R. Yormak's Motion for Recusal or Disqualification of Presiding Judge Caryl E. Delano (Doc. #1-3). Attached to the Notice of Appeal is a corresponding Motion for Leave and Appeal and Petition for Writ of Mandamus (Doc. #1-2). The appeal was transferred to the Fort Myers Division on December 3, 2018.  (Doc. #8.)

Also before the Court is appellant's Motion to District Court to Stay Bankruptcy Proceedings Until Final Disposition of Motion for Disqualification Appeal(s) or Order for Mandamus (Doc. #3) filed on September 27, 2018.  Appellee filed a Response (Doc. #6) on October 8, 2018, and appellant filed a Reply (Doc. #7) on

October 11, 2018. For the reasons set forth below, the motions are denied and the appeal is dismissed.

## I. *Background*

In 2014, Steven Yormak filed suit against his son Benjamin Yormak in federal court for breach of an oral and written consulting agreement and for unjust enrichment. The Second Amended Complaint alleges that Steven Yormak provided consulting services to his son based on his own practice of law for 33 years with a focus on disability and employment law. Steven Yormak alleged that his son had a successful law practice as a result of the consulting services, but that his son failed to make payments to him and refused to allow him to continue providing consulting services. (Case No. 2:14-cv-33-FTM-29CM, Doc. #190.)

During the pendency of this case, Benjamin Yormak filed for bankruptcy protection, and Steven Yormak became a creditor in the bankruptcy proceeding. (Case No. 9:15-bk-04214.) As a result, the underlying breach of contract claim was automatically stayed, and remains stayed. (Case No. 2:14-cv-33-FTM-29CM, Docs. ## 181, 198.)

There have been several other interlocutory appeals filed from the Bankruptcy Court proceeding by creditor Steven Yormak. The first such appeal sought review of the Bankruptcy Court's decision to allow the case to try the issue of whether the contracts were void as a matter public policy because they

constituted the unlicensed practice of law. Leave to appeal was denied on June 19, 2017 by the district court. (Case No. 2:17-cv-73-FTM-38, Doc. #29.) Creditor Yormak appealed the decision, and the Eleventh Circuit dismissed the appeal for lack of jurisdiction on September 13, 2017. (Id., Doc. #34.)

The second such appeal was from an Order granting debtor leave to amend an objection to a claim. Leave to appeal was denied on June 8, 2018 by the district court. (Case No. 2:18-cv-309-FTM-29, Doc. #14.) An appeal was dismissed by the Eleventh Circuit for lack of jurisdiction. (Id., Doc. #21.)

The third such matter was a request to withdraw the reference to the bankruptcy court, which was denied without prejudice to seeking withdrawal if the case proceeded to trial and the creditor wished to assert his right to a jury trial. (Case No. 2:18-cv-508-FTM-29, Doc. #7.)

In the current matter, Steven Yormak seeks an interlocutory appeal of the denial of his motion to recused the assigned bankruptcy court judge who is handling the case.

## II. *Standards of Review*

As previously stated:

> The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. 28 U.S.C. § 158(a); In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993). The threshold issue is the district court's jurisdiction to entertain the appeal. In re Donovan, 532 F.3d 1134, 1136

> (11th Cir. 2008). The first inquiry is whether the appealed Order was final and appealable, or whether it was an interlocutory order. If the Court determines that the Order was interlocutory in nature, the second inquiry is whether leave to file an interlocutory appeal should be granted. In re Charter Co., 778 F.2d 617, 620-621 (11th Cir. 1985).
>
> An interlocutory order is one that "does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." In re Kutner, 656 F.2d 1107, 1111 (5th Cir. Unit A Sept. 1981)[1] (citation omitted).

In re Yormak, No. 2:18-CV-309-FTM-29, 2018 WL 2763343, at *2 (M.D. Fla. June 8, 2018), appeal dismissed, No. 18-12623-FF, 2018 WL 4587767 (11th Cir. Aug. 14, 2018). If the order from which appeal is sought is an interlocutory order, the district court considers leave to appeal should be granted.

> A federal district court has jurisdiction to consider interlocutory appeals from the orders of a bankruptcy court if the district court grants leave. 28 U.S.C. § 158(a)(3). If a district court, on its own motion or on the request of a party, determines:
>
>> **(i)** the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> United States, or involves a matter of public importance;
>
> **(ii)** the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> **(iii)** an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken,
>
> the district court shall certify the appeal. 28 U.S.C. § 158(d)(2)(A). See also 28 U.S.C. § 1292(b).

In re Yormak, at *2. If an order denying recusal is reviewed, the denial reviewed for abuse of discretion. Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000).

### III. *Bankruptcy Court Order*

On September 7, 2018, Bankruptcy Judge Delano denied a motion to recuse herself. (Doc. #1-3.) Judge Delano started with a comprehensive history of the litigation between the parties, including the appeals described above. (Id., pp. 3-13.) As relevant here, while Creditor was still represented by counsel, the Bankruptcy Court entered an Attorney Eyes Only Order (AEO Order) regarding debtor's clients' information that would not otherwise be publicly available because creditor wanted to join the Trustee's discovery requests. (Id., pp. 14-15.) After creditor became *pro se*, he filed a motion to rescind the AEO Order. After an intervening first appeal, the matter was continued and creditor was directed to file a separate and supported motion to

compel.  (Id., p. 15.)  The AEO Order was rescinded and discovery was stayed pending a ruling on debtor's motion for leave to amend the objection.  (Id., p. 16.)  The Bankruptcy Court allowed debtor an opportunity to react if creditor started contacting clients, and so barred contact until debtor's counsel was provided an opportunity to respond "without [creditor] calling 100 people tomorrow."  (Id., p. 17.)  The second appeal followed, and discovery was stayed pending the outcome of this appeal.  (Id.)

On July 24, 2018, creditor filed his recusal motion, and all matters set for a hearing were continued, including a hearing on creditor's renewed motion for summary judgment.  Bankruptcy Judge Delano found that she was the appropriate court and judge to rule on the recusal motion.  (Id.)  The specific grounds raised by creditor were the entry of the AEO Order, barring creditor from contacting witnesses and denying discovery requests, permitting debtor to supplement debtor's objection, and alleged advocacy on behalf of debtor.  (Id., p. 18.)  The Bankruptcy Court denied the motion noting "[w]hile Creditor may be unhappy with the Court's procedural rulings, this does not form the basis for the Court to recuse itself. And the Court is bound by a corresponding duty not to recuse itself if cause for recusal has not been shown."  (Id., p. 26.)

### *IV. Motion for Leave to Appeal*

Creditor Steven Yormak alleges that Bankruptcy Court Judge

Caryl E. Delano has an "actual and perceived pervasive bias" against him that is depriving him of his due process rights. Creditor therefore seeks an interlocutory appeal of the order denying recusal, or alternatively a mandamus compelling Bankruptcy Judge Delano to disqualify or recuse herself from further proceedings.

Any judge, including a magistrate judge, "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). While it is possible that bias sufficient to disqualify a judge may stem from judicial sources, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). See also In re Walker, 532 F.3d 1304, 1311 (11th Cir. 2008) (adverse rulings rarely grounds for recusal). "The inquiry of whether a judge's impartiality might reasonably be questioned under § 455(a) is an objective standard designed to promote the public's confidence in the impartiality and integrity of the judicial process. [ ] Thus, the court looks to the perspective of a reasonable observer who is *informed of all the surrounding facts and circumstances*." In re Evergreen Sec., Ltd., 570 F.3d 1257, 1263 (11th Cir. 2009) (internal citations omitted)(emphasis added).

The "Due Process Clause may sometimes demand recusal even when a judge 'has no actual bias.'" Rippo v. Baker, 137 S. Ct.

905, 907 (2017)(citation omitted). "Recusal is required when, objectively speaking, 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" Id. at 907 (citations omitted).

**1. The AEO Order and Discovery**

Creditor argues that the Bankruptcy Court "issued egregious offending court orders prohibiting all Creditor discovery and barred the Creditor ability to prepare his case by preventing him from interviewing the most relevant witnesses being debtor clients. There is nothing in the record by way of evidence or otherwise to support these draconian orders." (Doc. #1-2, pp. 7-8.) Creditor argues that Bankruptcy Judge Delano's "bias in favor of the debtor was apparent in its decision to choose, after issuing the AEO bench order, to reply upon debtor counsel representations of 'facts' in order to justify her extraordinary order." Appellant argues that statements of counsel are not evidence and were not entitled to any evidentiary weight. (Id., p. 8.) The Court finds that these arguments are not persuasive.

The Trustee sought discovery regarding debtor's clients and contingency fees that arose between the date of the bankruptcy case's filing and the date of conversion to a Chapter 7 case in connection with a bad faith motion. (Doc. #1-3, pp. 18-19.) At a November 10, 2016, hearing, counsel for creditor indicated to the Bankruptcy Court that he would also like to participate in the

discovery process.  The Bankruptcy Court indicated that it could issue an AEO to protect the confidentiality of debtor's clients.  (Bankr. Doc. #186, p. 16.)[2]  Counsel for creditor agreed that would be fine, and the Trustee was directed to provide a proposed order.  (Id., p. 17.)  The issue of whether creditor's counsel could share the discovery with his client was deferred until an anticipated hearing in December.  (Id., p. 18.)  Counsel then asked if the discovery could be redacted instead of using an AEO, so he could share with his client.  (Id.)  Counsel for debtor objected, stating that "Mr. Steven Yormak has a habit of going and seeing clients", which creditor's counsel said was "not true" and that opposing counsel was "slinging".  (Id., pp. 18-19.)  The Bankruptcy Court opted to keep the process as attorneys' eyes only, and if necessary an *in camera* review would be made.  (Id., p. 19.)  On December 9, 2016, an Order was issued setting a Preliminary Hearing on Trustee's motion, and also providing that:

> any and all information and/or documentation that is produced by the Debtor regarding the identification of his clients and claim/case information that would not be otherwise publicly available shall be kept confidential and, at this time, shall not be disclosed to any individual or entity except the Trustee

---

[2] The Court will hereinafter cite documents filed with the District Court as "Doc.", and documents filed in the Bankruptcy case as "Bankr. Doc.".  Copies of the relevant documents were referenced by the Bankruptcy Court, and are available on PACER.

>     and attorneys of record for the Debtor and
>     Steven Yormak.

(Bankr. Doc. #180, p. 2.)

On January 20, 2017, counsel for creditor was permitted to withdraw as counsel of record. (Bankr. Doc. #214.) On February 2, 2017, creditor filed his *pro se* motion to rescind the AEO Order. (Bankr. Doc. #231.) On March 8, 2017, the Bankruptcy Court issued an Order granting creditor's motion in part, and directing debtor to produce "the 'list of income' in coded format previously produced to the trustee pursuant to the Court's motion for protective order." The balance of the motion was abated until a ruling by the District Court on a pending notice of appeal. (Bankr. Doc. #275.) On November 7, 2017, creditor filed a second motion to rescind the AEO Order. (Bankr. Doc. #347.) On December 6, 2017, creditor filed a Motion to Compel (Bankr. Doc. #363) seeking discovery regarding the unlicensed practice of law issue. On December 8, 2017, the Court entered an Order setting a hearing on creditor's first motion to rescind, and directing appellant to file a motion to compel. (Bankr. Doc. #368.)

On January 31, 2018, a hearing was conducted on various matters, including the AEO Order. (Bankr. Doc. #390, pp. 98-111.) The Bankruptcy Court agreed with creditor, noting "I mean, I can't have an AEO order when I have a party who doesn't have an attorney." (Id., p. 110.) In response to objections by counsel for debtor,

the Bankruptcy Court stated "It's just a general offensive – it's just an order that Mr. Yormak finds offensive, and I understand." (Id., p. 111.)

On July 24, 2018, creditor filed his motion for recusal. (Bankr. Doc. #467.) On August 3, 2018, the Bankruptcy Court issued an Order (Bankr. Doc. #475) vacating the AEO Order, deferring ruling on the motion to compel, staying discovery pending further order.

In the Order denying the motion for recusal, the Bankruptcy Court noted that discovery issues were deferred for much of the time that issues regarding the AEO Order were pending, but that it would not be forever. (Doc. #1-3, p. 19.) "This Court agrees that Creditor is entitled to a meaningful opportunity to conduct discovery on the issues raised in Debtor's Objection to Claim." (Doc. #1-3, p. 21.) Bankruptcy Judge Delano agreed with creditor as to the AEO Order, and granted the relief he requested over objections of counsel for the debtor.

The Court finds a reasonable observer would not find bias in such a ruling or simply deferring discovery pending further rulings. The Court finds this sequence of events does not support granting either interlocutory appeal of the denial of the recusal order or granting a mandamus.

**2. Advocacy for Debtor**

Appellant argues that the Bankruptcy Judge exercised her discretion in favor of debtor, "and never the Creditor." (Doc. #1-2, p. 32.) Appellant points to the following statements made at the May 23, 2018 hearing as evidence of bias and a "pre-determined approach" without an opportunity to be heard. (Id., p. 32.)

> MR. HOLLANDER: . . . .
>
> So his grounds to have this motion are spurious.
>
> THE COURT: Okay.
>
> MR. YORMAK: One comment --
>
> THE COURT: No, no, you don't have to respond. Mr. Tardif is not here. I'm going to go ahead and set the motion for hearing.
>
> Mr. Hollander, you know what to do when you think someone has filed a spurious motion.
>
> Let's go ahead and set the motion out, you know, sometime in the future and let Mr. Hollander deal with it the way he thinks he should deal with it.

(Doc. #444, p. 71.) The Court finds that stating that counsel knows to file a motion if he wishes to make an argument that something is spurious does not suggest or imply bias by the court.

Appellant also argues that the following conversation is evidence of bias:

> MR. YORMAK: Ma'am, what I was hoping is that we could deal with 422 as expeditiously as

>   possible, because that will make the other motions moot.
>
>   THE COURT: I think you have an uphill battle on your 422. I don't think it's likely that I'm going to dismiss the case. I think that Mr. Hollander's arguments are well-founded. But since this wasn't set for hearing today and you weren't prepared for a full-blown hearing on this today, I'm going to go ahead and set it for hearing; okay? But you've got an uphill battle on it; okay? Not the least of which is, Mr. Tardif is never going to agree that the case should be dismissed, I can --
>
>   MR. HOLLANDER: I can tell you that right now.
>
>   THE COURT: I can guarantee you that. Okay?

(Bankr. Doc. #444, p.73.) Again, letting appellant know that his position would be a difficult one to sustain, and noting that debtor's counsel's arguments were well-founded, is not evidence of bias. No decision was rendered, and it was suggested that a hearing would be set in the future so that all arguments could be presented after preparation. The Court finds no evidence of bias in the statements of the Bankruptcy Court.

### 3. Due Process

Appellant argues that he was deprived of his right to a fair process (Doc. #1-2, p. 15) and that it was error to not provide reasons for procedural orders. (Id., p. 16.) Specifically, appellants lists the entry of the AEO Order, the ongoing barring of appellant from any contact with relevant witnesses, and a block and reversal of discovery rights causing appellant to have to

represent himself. (Id., pp. 33-4.) Appellant argues that Bankruptcy Judge Delano allowed debtor to keep adding new objections to his Claim 4-1, and that she *sua sponte* re-framed debtor's objections and introduced a new pleading on his behalf. (Id., p. 34.)

In the Order denying the motion for recusal, the Bankruptcy Court noted its broad discretion over matters of discovery: "Here, the Court in its discretion, and in an effort to avoid duplication of efforts, found that delaying discovery while Creditor's interlocutory appeals were pending was the appropriate course to take in managing Debtor's bankruptcy case and Debtor's Objection to Claim." (Doc. #1-3, p. 25.) Bankruptcy Judge Delano noted that "[t]he Court has not denied Creditor the right to address the issues raised in Debtor's Objection to Claim." (Id.)

District courts have "broad discretion" as to case management as long as a party's rights are not "materially prejudiced." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). "Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion." Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002). The "district court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some

represent himself. (Id., pp. 33-4.) Appellant argues that Bankruptcy Judge Delano allowed debtor to keep adding new objections to his Claim 4-1, and that she *sua sponte* re-framed debtor's objections and introduced a new pleading on his behalf. (Id., p. 34.)

In the Order denying the motion for recusal, the Bankruptcy Court noted its broad discretion over matters of discovery: "Here, the Court in its discretion, and in an effort to avoid duplication of efforts, found that delaying discovery while Creditor's interlocutory appeals were pending was the appropriate course to take in managing Debtor's bankruptcy case and Debtor's Objection to Claim." (Doc. #1-3, p. 25.) Bankruptcy Judge Delano noted that "[t]he Court has not denied Creditor the right to address the issues raised in Debtor's Objection to Claim." (Id.)

District courts have "broad discretion" as to case management as long as a party's rights are not "materially prejudiced." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). "Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion." Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002). The "district court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some

important aspect of the case." Gibbons v. Nationstar Mortg. LLC, No. 3:14-CV-1315-J-39MCR, 2015 WL 12840959, at *1 (M.D. Fla. May 18, 2015) (citation omitted).

It was clearly stated that discovery would be available at the conclusion of the appeals. The Court cannot find an abuse of discretion in temporarily staying discovery under the circumstances of this case with the ongoing appeals. No due process rights were violated.

## V. *Conclusions*

The Court finds that the Order denying the request for recusal or disqualification did not involve an unresolved question of law or a conflicting decision in the circuit, or a matter of public importance. The Court finds no abuse of discretion in denying the request for recusal or disqualification, and therefore the appeal will not material advance the progress of the case if the appeal is permitted to proceed. Leave to appeal is denied.

As to the alternative relief for mandamus, "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations. . . . Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." In re BellSouth Corp., 334 F.3d 941, 953 (11th Cir. 2003) (citing Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34-35 (1980)). "The party seeking mandamus has the burden of demonstrating that its right to issuance of the writ is 'clear

and indisputable.'" Id. The Court concludes that creditor cannot demonstrate a clear and indisputable right to the recusal of Bankruptcy Judge Delano, and is therefore not entitled to a writ of mandamus.

**VI.** *Motion to Stay Through Appeal*

Appellant seeks to stay any further proceedings in the Bankruptcy Court until this appeal, and any appeal from a decision is determined. Based on the determination that denial of the motion for recusal was appropriate, and finding no merit to the appeal, the Court declines to impose a stay through any appeal of this decision.

Accordingly, it is hereby

**ORDERED:**

1. Appellant's Motion for Leave and Appeal and Petition for Writ of Mandamus (Doc. #1-2) is **DENIED.**

2. Appellant's Motion to District Court to Stay Bankruptcy Proceedings Until Final Disposition of Motion for Disqualification Appeal(s) or Order for Mandamus (Doc. #3) is **DENIED.**

3. Appellant's Motion to Stay Bankruptcy Proceedings on Basis of Medical Disablement of Creditor Pro Se (Doc. #11) is **DENIED.**

4. Appellant's Motion to Expedite Pending Appeal/Mandamus (Doc. #13) is **DENIED.**

5. The Clerk shall enter judgment dismissing the appeal, transmit a copy of this Opinion and Order to the Clerk of the Bankruptcy Court, terminate all deadlines, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __18th__ day of June, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Clerk, Bankr. Ct.
Parties of Record